18

## CIRCUIT COURT OF HANOVER COUNTY

United Leasing Corp.

 v.

James C. Lehner
and Suzanne Lehner

January 29, 2008

Case No. CH04000072-00

BY JUDGE JOHN RICHARD ALDERMAN

Both parties having appeared before this Court on September 13th, 2007, the Court took a number of issues under advisement including Plaintiff's Motion to Disqualify Defendant's Counsel and Plaintiff's Plea in Bar. The Court finds as follows.

I. *Motion to Disqualify Defendant's Counsel*

The Court grants Plaintiff's motion to disqualify defendant's counsel. Mr. Steven S. Biss represented United Refuse, L.L.C., before defendants James C. Lehner and Suzanne Lehner (collectively "the Lehners") executed a quitclaim deed conveying all of the defendant's right, title and interest in United Refuse over to United Leasing █ United Refuse is now a wholly owned subsidiary of United Leasing. United Refuse's and United Leasing's interests

are, for all intents and purposes, the same now that a quitclaim deed has been successfully executed by the Lehners. The Lehners interests no longer coincide and are no longer subsumed under the best interest of United Refuse (if, indeed, they ever were). The Lehners now employ Mr. Biss, who was once counsel for United Refuse. United Refuse is a former client of Mr. Biss, whose best interests may run contrary to the Lehners'.

According to the Code of Professional Responsibility, a lawyer should avoid even the appearance of professional impropriety. However, appearances must be weighed against the defendant's right to freely choose counsel. Thus, the moving party bears a "high standard of proof" to show that disqualification is warranted. *Government of India v. Cook Industries, Inc.*, 569 F.2d 737, 739 (2d Cir. 1978). There must be a balance between the client's free choice of counsel and the maintenance of the highest ethical and professional standards in the legal community. *In re Asbestos Cases*, 514 F. Supp. 914, 925 (E.D. Va. 1981), citing *Silver Chrysler*, 518 F.2d at 757. Under Rule 1:9 of the Model Rules of Professional Conduct, "[a] lawyer who has represented a client in a matter shall not thereafter represent another person in the same or substantially related matter if the interest of that person is adverse in any material respect to the interest of the former client." Model Rules of Professional Conduct, Rule 1:9. It must be established that (1) an attorney-client relationship existed between the alleged former client, and (2) that the former representation and the current controversy are substantially related. *Allegaert v. Perot*, 565 F.2d 246, 250 (2d Cir. 1977). United Refuse retained Mr. Biss as their attorney, which is evidenced by Mr. Biss's filing a Motion to Dissolve Injunction and for Costs and Notice of Hearing on United Refuse's behalf. It is well settled that once an attorney-client relationship has been established, an irrebuttable presumption arises that confidential information was conveyed to the attorney in the prior matter. *In re Chantilly Construction Corp.*, citing *Westinghouse Elec. Corp. v. Gulf Oil Corp.*, 588 F.2d 221, 224, n. 3 (7th Cir. 1978). Mr. Biss acted as United Refuse's attorney, and therefore an irrefutable presumption that Mr. Biss has confidential information pertaining to United Refuse.

The question before this Court then, is whether Mr. Biss represented United Refuse in a "substantially related" matter to the one the Lehners currently find themselves in now. The Court finds that the matters and facts are substantially related. The Lehners are being sued in this present case on the exact facts that led Mr. Biss to represent United Refuse, including but not limited to United Refuse seeking relief from an injunction which allegedly leads United Leasing to seek higher damages from the Lehners in this current suit).

Accordingly, the Court orders Mr. Biss disqualified as the Lehners' attorney.

## II. *Plea in Bar*

Defendant's Plea in Bar is denied. Defendants state that all the damage claimed in this suit is damage alleged to have been suffered by United Refuse as a result of the Lehners filing for bankruptcy protection. United Leasing is claiming much more extensive damages than those simply arising out of the Defendants filing for bankruptcy. The damages alleged include but are not limited to Mr. Lehner's allowance from United Leasing for the use of his vehicle, false tax returns naming the Lehners as beneficial owners of United Refuse, obstruction of the sale of United Refuse for approximately $3.2 million, treble damages, attorney's fees, and punitive damages in the amount of $350,000. Amended Bill of Complaint p. 3-11. United Leasing alleges damages arising out of more than the simple bankruptcy filing. Accordingly, defendant's Plea in Bar is denied.